UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NATIONAL CASUALTY COMPANY AND AMERICAN ALTERNATIVE INSURANCE COMPANY | : : | No. 2:13-cv-05611 ADMIRALTY RULE 9(h) |
| VERSUS | : | SECTION J (4) |
| DEQUEEN, INC. | : | JUDGE BARBIER; MAG. ROBY |

<u>MOTION TO DISMISS AND FOR THE COURT TO DECLINE JURISDICTION OVER DECLARATOREY JUDGMENT UNDER 28 USC 2201 ET SEQ.</u>

NOW INTO COURT comes DeQueen, Inc., through undersigned counsel, and moves that under the authority of 28 USC 2201 and cases cited hereunder, this Court abstain from or decline to exercise jurisdiction over the "Declaratory" Judgment sought herein for the following reasons, more fully set forth in the accompanying Memorandum in Support of Motion to Dismiss or Decline Jurisdiction.

1 – This is the second time counsel has encountered efforts by these specific insurers to avoid underlying issues—and leave out a necessary or indispensable party, namely the underwriter G & M Marine, Inc., which drafted the policy herein—and have a "declaratory judgment" which avoids the allegations of DeQueen, Inc. in its suit filed the next day in state court, namely DeQueen, Inc. vs G & M Marine Underwriters, Inc., Civil District Court Parish of Orleans, No. `3-8268-"F"(7), and which correctly sues the insurers herein, but, more importantly, also sues the

underwriters herein, G & M Marine, Inc., the source of the errors which led to erroneously replacing in the Trans' hull and p & I policy covering F/V Dequeen the two competent captains listed in the "on board warranty" with Mrs. Dao Tran, a housewife who has never been on the vessel involved and cannot pilot a vessel, and Lanh Nguyen, a deckhand who has never piloted the vessel, as the "approved captains" under the on board warranty. The Trans, owners of DeQueen, Inc., were not aware of the change. When the F/V DeQueen was overcome by high seas and sank, despite the fact that one of the two competent captains, Phuong Tran, was at the helm, the underwriters suddenly stated coverage was declined because the "on board warranty" was breached, since it now read that either Mrs. Dao Tran or Lanh Nguyen had to be on board for coverage to attach. The Trans had no idea who changed the persons listed in the on board warranty which this Court knows is placed in the insurance policy to guarantee competent named captains will be aboard. See Exh. 1, state court proceeding, for further details.

As this is clear error and renders the on board warranty non-sensible and constitutes "absurd" consequences" as defined in federal cases even cited by the insurers, the policy contains clear error and the purpose of the state court litigation is to determine how it came about that the two competent captains were replaced without the owners, Dao and Hung Tran, noticing it and

two persons not capable of piloting the vessel were substituted in the "on board warranty";

    2 – Although the case below does not control the facts in this case, much of the reasoning applies, and in the other case in which these insurers sought to avoid litigating serious underlying issues by seeking a "declaratory judgment" based on the policy, Judge Lance Africk declined to exercise federal jurisdiction in the matter entitled <u>National Casualty Company and American Alternative Insurance Company versus Tom's Welding, Inc.</u>, No. 11-3101-"A" of this Court. Judge Africk's reasons for declining jurisdiction to issue a declaratory judgment do not control this Court but the reasons given apply to this type of case and are persuasive. In fact, Judge Africk's reasoning follows to some extent Chief Judge Martin L.C. Feldman's decision in <u>Rowan Companies vs Blanton</u>, 764 FS 1090 (ED La. – 1991), wherein Judge Feldman cites numerous reasons for declining to entertain a declaratory judgment action under 28 USC 2201;

    3 – Specifically herein, the Declaratory Judgment seeks to avoid the issues created by what is a necessary or indispensable party to this litigation, the underwriter, G & M Marine, Inc., a Louisiana corporation which the Trans and DeQueen, Inc. state is the source of the error and which has been sued in state court and against which company DeQueen, Inc.

has sought a separate judgment, alleging that G & M Marine, Inc. and its underwriters are jointly, severally and in solido liable to DeQueen, Inc. with the insurers, but clearly seeks a separate judgment against G & M Marine, Inc. for good reasons;

4 - Perhaps the most compelling reason for the Court declining to entertain a Declaratory Judgment in this specific matter is the fact that the insurers herein have now also sought to remove the state court Orleans Parish proceeding to federal court. Thus, all parties and all issues are raised in that matter and the insurers may seek to make their coverage arguments in that litigation after all the facts are developed through discovery and that would be the proper forum to decide the case, not this forum, although DeQueen, Inc. does not think federal jurisdiction is proper for lack of complete diversity.

WHEREFORE, DeQueen, Inc. moves that this Honorable Court decline jurisdiction under the provisions of 28 USC 2201 et seq., the "Declaratory Judgment Act".

SO MOVED, at New Orleans, October 3, 2013.

_____
OVERTON T. HARRINGTON, JR. (TA) (6599)
718 3rd Street
Gretna, Louisiana 70053
Tel.: 504-232-0236; fax: 504-366-2105
E-Mail:
Attorney for DeQueen, Inc.

C E R T I F I C A T E

Undersigned counsel certifies that copies of the foregoing Notice of Submission, Order, Motion, and Memorandum in Support of Motion and Exhibits have been served on National Casualty Insurance Company and American Alternative Insurance Corporation by this Court's electronic filing system but also by a copy thereof served on their counsel of record, Joseph E. Lee, Esq., Messrs. Preis & Roy, 601 Poydras Street, Suite 1700, New Orleans, Louisiana 70130, by U.S. Mail, postage prepaid and properly addressed, this 3rd day of October, 2013.

_____
OVERTON T. HARRINGTON, JR.