UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NATIONAL CASUALTY COMPANY | : | CIVIL ACTION 2:13-cv-05611 |
| AND AMERICAN ALTERNATIVE | | |
| INSURANCE CORPORATION | : | ADMIRALTY – RULE 9(h) |
| | | |
| VERSUS | : | SECTION J (4) |
| | | |
| DEQUEEN, INC. | : | JUDGE BARBIER; MAG. ROBY |

DEQUEEN, INC. LIST OF EXHIBITS

Exhibit 1 – State court proceeding being removed to federal
          court (Civil Dist. Ct. No 13-8268-F(7)

Exhibit 2 – Affidavit of Dao Tran

Exhibit 3 – Affidavit of Hung Tran

Exhibit 4a- Letter from Underwriters' and Insurers' counsel
          dated August 21, 2013

Exhibit 4b- Alleged Dao Tran signature October 26, 2011 on
          unidentified document which is undated and is Hung
          Tran's signature.

Exhibit 4c- Alleged October 26, 2011 signature of Dao Tran on
          "Captain's Form" which is undated but which is
          actually the signature of Hung Tran and not
          submitted on October 26,2011

Exhibit 4d-Alleged signature on October 26, 2011 Terrorism Form
          (declining coverage) identified as "Dao Tran" in
          printed script which is not Mrs. Tran's printing but
          which actually bears the purported signature of Hung
          Tran, who states the last part of his signature is
          unusual (compare with Exhs. 4b and 4c).

CIVIL DISTRICT COURT ~~FILED~~

PARISH OF ORLEANS, 2013 AUG 29 P 3:55

STATE OF LOUISIANA

NO. 13 – 8268

CIVIL DISTRICT COURT DIVISION

SECTION 7

DEQUEEN, INC.

VERSUS

G & M MARINE, INC; NATIONAL CASUALTY INSURANCE COMPANY; AND
AMERICAN ALTERNATIVE INSURANCE COMPANY

Filed: _____

_____
Deputy Clerk

## PETITION FOR COVERAGE OF CLAIM FOR LOSS OF VESSEL; PETITION TO DECLARE DENIAL OF COVERAGE INVALID OR INVALID DUE TO AMBIGUITY, ERROR, MISTAKE OR NON-SENSIBLE REQUIREMENT; ALTERNATIVELY, PETITION FOR REFORMATION OF CLAUSE

The Petition of DeQueen, Inc., a corporation organized and existing under the laws of Louisiana with its registered office and main place of business in Orleans Parish in a claim for insurance coverage of a maritime loss or to declare exclusion in marine insurance invalid and/or to be reformed for reasons set forth herein below, with respect represents:

1.

DeQueen, Inc. owned a fishing vessel, M/V DeQueen and has owned and operated said vessel in Louisiana waters for more than five years.

2.

Said corporation is owned jointly and equally by Hung Tran, husband, and Dao Tran, wife. Hung Tran is the primary vessel captain but has used as relief captain an equally experienced captain holding a Louisiana commercial fishing license, Phuong Tran. For many years, under what is well-known in the marine insurance industry, the "onboard warranty" clause, Hung Tran and Phuong Tran (usually referred to only as "relief captain" have solely piloted the M/V DeQueen.

Dao Tran, although a co-owner of the company, is a housewife who has never been on the F/V DeQueen in her life, and


EXHIBIT
"A"

DEQUEEN (TRAN)
EXH.1

in fact has seldom been on any marine vessel or boat and would
have no knowledge as to how to perform any of the duties of a
captain or pilot, and, in fact would initially be unable to
perform duties as a deckhand or other member of the crew unless
taught, although at her age she would likely be physically
unable to perform any duties on the vessel.

3.

Made defendant is G & M Marine, Inc., insurance underwriters
located at 818 Howard Avenue, New Orleans, Louisiana 70113,
located in this parish and which company is a marine underwriter
which places policies with various insurers.

4.

Also made defendant is National Casualty Company, Inc., a
foreign insurer which insured half the risk on the policy of
insurance in this matter.

5.

Also made defendant is American Alternative Insurance
Company, a New Jersey corporation engaged in insurance which
insured the other half of the risk under the policy at issue
herein.

6.

The policy of insurance (idenitified as policy SGM004243)
issued to DeQueen, Inc. were standard hull and protection and
indemnity coverages which included a well-known marine insurance
clause, which has been judicially-construed and is well-known in
the marine insurance industry and in marine insurance law, the
"on board warranty". This warranty, more fully discussed below,
is to guarantee that competent captains pre-approved by the
insurer or the underwriter, are piloting the vessel and they are
sometimes referred to as "approved captains".

7.

On September 13, 2012, the F/V <u>Dequeen</u>, piloted by Phuong
Tran, who had always been the approved relief pilot in earlier
insurance policies, encountered unusual and extremely high waves
near Southwest Pass and despite pilot Phuong Tran's best
efforts, the vessel was overcome by the seas and sank.

8.

Although a competent captain who had piloted the vessel for
years was on board, G & M Marine Underwriters sent a team to
investigate the loss and astonishing declined coverage because
of "breach" of the "on board warranty". G & M cited the policy
provision, not previously noticed by the Trans, who speak little
English, but the Trans in fact have had previous policies and
actually do understand what is intended by an "on board
warranty" which they have complied with religiously over the
years. The "on board warranty cited by G & M Marine now reads:

'ON BOARD WARRANTY: IT IS WARRANTED THAT **DAO TRAN OR LANH
NGUYEN** WILL BE ON BOARD THE VESSEL NAMED HEREIN AT ALL TIMES
WHEN NOT SAFELY BERTHED AND IN PORT."

As neither of these parties were on board, for this reason G
& M declined coverage.

9.

The problem caused, not previously noticed by the Trans, is
that through apparently some complete error in naming various
and sundry Vietnamese who are on the vessel, some office
employee apparently became confused and inserted the wrong names
into the on board warranty which has to do with competent and
experienced captains, which modification has rendered the
warranty totally senseless. Mrs. Dao Tran is a legal co-owner of
DeQueen, Inc. along with her husband Hung Tran, the main captain
of the vessel, but Mrs. Tran is a housewife who cannot pilot a
vessel nor serve as deckhand, mate or other maritime position,

and, in fact, has herself never set foot on the F/V DeQueen in her life.

Equally baffling was the insertion of Lanh Nguyen, who is an occasional deckhand on the vessel depending on his availability for a voyage, but is not a pilot or relief captain on the F/V DeQueen, and his insertion onto the policy likewise makes no sense. It is clear that the constant and competent captain, Hung Tran, and Phuong Duc Tran, relief captain, have been erroneously replaced in the on board warranty by two persons who could not pilot the vessel to begin with. The Trans simply did not notice this change.

10.

After counsel for the Trans and DeQueen, Inc., the vessel owner, contacted underwriters pointing out that through some error the two competent captains had been replaced at some point in the policy by two persons not fit to pilot the vessel, thus rendering the "on board warranty" clause wholly non-sensible, the underwriters through counsel, responded that, in fact, the Assured on October 26,2011 submitted to the Underwriters an "executed insurance application, Terrorism Risk Insurance Act Form (TRIA) and Captains Form". The underwriter then stated "all three of these documents contain the identical signatures, one with the printed name of "Dao Tran" below it. It then asserts the "Captains Form" changes the captain and this assertedly was done by the insured, purportedly Mrs. Dao Tran, co-owner of the vessel. ·

11.

Examination of the forms now strongly suggests that someone in the underwriters' office which has issued policy after policy to the Trans, is now so intermingling forms from different years (2006 or earlier through 2011) that the files are in total disarray.

A – The first two forms, Exh. 1 (purportedly an insurance application though it does not say so) and Exh. 2 (a Captains Form) are undated.

B – The signatures on Exhibits 1 and 2 hereto (Captains Form and the strange document termed "Supplemental" but which refers to ownership not of the F'V DeQueen, which is the vessel involved in this litigation but instead appears to list the F/V St. Jude which sank five years earlier) are not those of Mrs. Dao Tran, but are instead the signatures of her husband, Hung Tran, who quit executing any forms with the underwriters in approximately 2007 after the sinking of the M/V St. Jude, also owned by the Trans, and Captain Hung Tran could not possibly have executed any document on October 26, 2011 as he no longer dealt in any capacity with the agent or underwriter, all this being reserved to Mrs. Dao Tran, whose signature is not found.

C – The alleged "Captains" form (Exh. 2), in which the Trans state they never would have changed the vessel captains from the two competent captains, Hung Tran and Phuong Tran, who have consistently pioted the F/V DeQueen, to two persons not capable of piloting a vessel, Mrs. Dao Tran and Lanh Nguyen, is undated but also bears the photocopied purported signature of Hung Tran, who could not possibly have executed this form on October 26, 2011, as he had not for years engaged in any of the insurance renewals on the DeQueen, this being solely the province of Mrs. Dao Tran. Further, the names inserted, "Dao Tran" and "Lanh Nguyen" are in a beautiful script and the Trans, not fluent in English, were asked to duplicate this script and are unable to do so, even having difficulty doing block letters in English and these names were never filled in by the Trans.

C – A document having nothing to do with the two undated documents, but purportedly dated October 26, 2011 and allegedly signed by Mrs. Dao Tran, is simply a "Terrorism" Insurance form

in which the party signing elects not to have Terrorism coverage
and appears to have no coherent connection to the other two
forms, except that the very beautiful printed name "Dao Tran"
was not printed by Mrs. Tran, not was the date below in the same
handwriting, "October 26, 2011" written by Mrs. Tran although it
is clearly in the same handwriting and the signature is not that
of Ms. Dao Tran, who will submit examples of her signatures and
handwriting to any expert, but in fact appears to be the
signature of her husband, Hung Tran, except Captain Hung Tran
states the signature seems not to be his exact signature but
seems to be an attempt to duplicate his signature. Exh. 3.

    In order to make sense of all of this utterly confusing
information discussed above, it will be necessary to produce all
original files of G & M Marine Underwriters, Inc. to see the
original signatures, and perhaps that of the agent as well,
partially so that a handwriting expert can be employed to
analyze the signatures.

                            12.

    As it is clear, when the Court is provided the history of a
maritime on board warranty in a policy, including judicial
decisions thereon, that this warranty modification is the result
of some administrative error and not what is intended by the
warranty, and as the vessel was being piloted at the time by the
competent relief captain, Phuong Tran, the warranty is now
senseless and either should be wholly voided or reformed by the
Court to make its intent sensible again, by the insertion of the
two captains who have consistently piloted the vessel, and
coverage should be afforded.

                            13.

    The Trans specifically deny, having seen these bizarre
forms, that they ever would have intentionally changed the
captains from competent to incompetent captains and they well

knew such action would be an action which would automatically
void any coverage, since it would be almost totally unlikely for
Mrs. Tran ever to be on the vessel, and often unlikely Lanh
Nguyen would be on the vessel and the form is simply complete
nonsense and cannot be accounted for at present in any sensible
fashion.

It is certainly not a basis for any denial of coverage and
strict proof of such intention to replace the traditional
captains with two persons not able to pilot the vessel will be
required, including proof of intent to do so.

14.

Ms. Tran states, in answer to a question whether she and
Lanh Nguyen would ever have been linked together in any fashion
by the underwriter, that she was asked, on one occasion, to list
all American citizens connected with the vessel as there is a
requirement from her understanding that the vessel always have
an American citizen aboard and she listed herself and Lanh
Nguyen as the two persons who held American citizenship and this
may have been erroneously placed on a captains form but she has
never, nor has her husband, sought to replace the competent
captains in the on board warranty with persons not able to pilot
the vessel. As the Trans had been told the importance of this
citizenship provision, since Lanh Nguyen could not be in the
vessel for this voyage, the Trans placed Paul Landry of Houma,
Louisiana on board in order to comply with this requirement.

15.

In fact, to anticipate a defense and to frame the issues
for the Court, the underwriters responded citing two federal
cases stating breach of a warranty will be enforced "unless it
leads to absurd consequences" and, of course, the underwriters
interpretation of the bizarre forms no one can account for at
present until discovery is done of the underwriters' file, is

that they would have covered the loss under the strange change
of captains to Mrs. Tran instead of Captain Phuong Tran, who was
competent and piloting the vessel at the time, if Ms. Tran were
on board doing her needlework while anyone, including perhaps
her seven year-old grandson, attempted to pilot the vessel. This
is absurd.  Clearly, this is a case of error, mistake, ambiguity
and/or unintended consequence and even the form the underwriters
claimed "changed" the captains is contested.

16.

The vessel is a total loss and, though salvaged with the
salvor claiming $80,000 in salvage charges, has damages in
excess of $150,000, the hull value. Cost of repairs or
replacement will reach or exceed this amount. Insurer has failed
to pay under said policy the $150,000.00 limits.

17.

In addition, Petitioners are out of business and are losing
profits estimated to be $50,000 at present but will go higher as
the litigation progresses.

18.

Based upon the underwriters' odd and contradictory responses
to date, the Trans also are forced to assert bad faith in denial
of their claim and claim such punitive damages as are available
under Louisiana insurance and general maritime law for failure
to pay the claim. Demand was made for payment by September 10,
2013, but as this demand was met with the strange claims that
the forms "showed" the Trans replaced the captains in the on
board warranty with persons not competent to pilot the vessel,
it is clear that the underwriters and insurers are not going to
pay the valid claim and underwriters offered an unacceptable sum
to settle the matter.

WHEREFORE, petitioner DeQueen, Inc., owned in equal shares
by Hung Tran and his wife, Dao Tran, pray that this Petition be

served upon the three defendants and that they be cited to appear and answer same; that after all due proceedings are had, there be judgment herein in favor of Petitioner and against defendants, jointly, severally and in solido, in the amounts demanded, together with interest thereon at the legal rate from time of accident or date of filing this Petition, whichever is deemed appropriate, and for all costs of this proceeding, for any punitive or bad faith damages as may be assessed by this Court or under the law applicable hereto, and for such other and further relief as may be provided at law, in equity, or by the nature of the case, including reformation of the policy due to error or interpretation under traditional Louisiana and marine insurance provisions so that error in the alleged amendment of the on board warranty is found and the insured accorded coverage under the law or in equity.

OVERTON T. HARRINGTON, JR. (TA) (6599)
718 Third Street
Gretna, Louisiana 70053
Tel.: 504-232-0236; fax: 504-366-2105
Attorney for DeQueen, Inc.

SERVE:

1 - G & M Marine, Inc.
    818 Howard Avenue, Ste. 201
    New Orleans, LA 70113
    Through its registered agent, William Von Trufant
    818 Howard Avenue, Ste. 201
    New Orleans, LA 70113

2 - National Casualty Insurance Co.
    8877 North Gainey Center Drive
    Scottsdale, AZ 85258-2108
    Through the Louisiana Secretary of State
    Twelve United Plaza
    8585 Archive Avenue
    Baton Rouge, LA 70809

3 - American Alternative Insurance Company
    555 College East Road
    Princeton, NJ 08543
    Through the Louisiana Secretary of State
    Twelve United Plaza
    8585 Archive Avenue
    Baton Rouge, LA 70809

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NATIONAL CASUALTY COMPANY          :     CIVIL ACTION NO. 2:13cv05611
AND AMERICAN ALTERNATIVE
INSURANCE COMPANY                  :     ADMIRALTY RULE 9(h)

VERSUS                             :     SECTION "J" (4)

DEQUEEN, INC.                      :     JUDGE BARBIER; MAG. ROBY

AFFIDAVIT OF DAO TRAN

STATE OF LOUISIANA
PARISH OF JEFFERSON

BEFORE ME, the undersigned authority, personbally came and appeared Mrs. Dao Tran, who being by me duly sworn, deposed and said:

1 - I am a resident of Louisiana, residing at 4211 Fields Street, New Orleans, Louisiana 70131, and I am a co-owner of DeQueen, Inc., which owned the Fishing Vessel DeQueen, which sank on September 13, 2012. My husband, Hung Tran, is the other co-owner of DeQueen, Inc. and is also a Louisiana resident.

2- DeQueen, Inc., the plaintiff in the case in Civil District Court which the insurers are attempting to remove to federal court, is also a Louisiana corporation domiciled in Orleans Parish.

3 - My husband, Hung Tran, did engage in communications with G & M Marine, Inc. and our agent when we owned F'V St. Jude, which sank and was lost in 2005. Then policies according

DEQUEEN(TRAN) EXH. 2

to my recollection, were placed by G & M Marine, Inc. as underwriters with St. Paul Fire & Marine Company. However, after that date, with regard to DeQueen, Inc.'s dealing with insurance agents, underwriters and insurers, I was the person solely handling all insurance matters and communications, particularly with regard to insurance on the F/V DeQueen. My husband did not execute any insurance document after 2005-2006, this being solely my authority after that.

    4 – I have never knowingly changed the captains or pilots in the "on board warranty" in insurance policies covering F/V DeQueen. Although I have a limited ability in English and actually cannot translate all of the provisions in the "on board warranty", my husband and I have had our principal obligations under the various policies fully explained to us and we understand what an "on board warranty" is and what it is intended to mean. I would never knowingly authorize or instruct anyone to change the "on board warranty" from Captain Hung Tran and relief captain Phuong Tran, who are competent captains and pilots, to myself and Lanh Nguyen. I am a house wife who cannot pilot a vessel not do any of the work on the vessel and in fact I had never been aboard F/V DeQueen. Lanh Nguyen is merely a deckhand-fisherman who I am advised cannot pilot the vessel. I also understand the intent of the warranty and so I would never name anyone but the competent captains because I understand that

at that point any claim under the policy thereafter would be immediately denied due to the absence of myself or Lanh Nguyen on the vessel at sea or in navigation.

5 - The only time I recall giving my name and Lanh Nguyen to the insurer or anyone else, because there is ordinarily no connection between us, but on one occasion I was asked to list all American citizens connected with the company and vessel and I listed us. I do not know where the policy or law requires that an American citizen be on board but this was explained to me and we have always had a citizen on board. On this occasion, Lanh Nguyen could not serve as deckhand, so we placed Paul Landry of Houma on board, who is an American citizen by birth. Ironically, it appears that had Mr. Nguyen been able to be a fisherman, supposedly the insurance company would say the policy covered the loss, although he cannot pilot the vessel to my understanding.

6 – The insurer insist that three documents "prove" I changed the captains in the on board warranty, which they say took place in connection with a policy renewal on October 26, 2011, which forms they attribute to me. As stated in our state court petition, two documents are allegedly signed by Hung Tran, but he quit signing anything by 2005-6 and the third is attributed to me and bears the printed words under the signature: "Dao Tran". I do not print in that fashion and did

not print on this form, but in fact the signature is that of Hung Tran, not Dao Tran, and my husband says it seems to have a slight variation from how he signs his name, the latter part of the signature. We deny executing these forms and they clearly were not executed together by anyone on October 26, 2011. I am now extremely suspicious of G & M Marine's records and want to see the originals of these documents, because we are not certain they can be produced.

7 – Specifically, I deny ever changing or attempting to change the on board warranty. I would not have read the warranty in the 2011 policy, partly due to my deficiency in English, but mainly due to the fact that we, the Trans, had not asked for any change in our policy nor had we been advised by G & M or our agent of any change in the policy, so I trusted I had the same policy as in earlier years.

_____
                DAO TRAN


SWORN TO AND SUBSCRIBED BEFORE ME, OCTOBER  1 , 2013.

_____
   J. HUNTER BIENVENU – NOTARY PUBLIC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NATIONAL CASUALTY COMPANY | : | CIVIL ACTION NO. 2:13cv05611 |
| AND AMERICAN ALTERNATIVE | | |
| INSURANCE COMPANY | : | ADMIRALTY RULE 9(h) |
| | | |
| VERSUS | : | SECTION "J" (4) |
| | | |
| DEQUEEN, INC. | : | JUDGE BARBIER; MAG. ROBY |

AFFIDAVIT OF HUNG TRAN

STATE OF LOUISIANA
PARISH OF JEFFERSON

BEFORE ME, the undersigned authority, personally came and appeared Captain Hung Dao Tran, who being by me duly sworn, deposed and said:

1 - I am a resident of Louisiana, residing at 4211 Fields Street, New Orleans, Louisiana 70131, and I am a co-owner of DeQueen, Inc., which owned the Fishing Vessel DeQueen, which sank on September 13, 2012. My wife, Dao Tran, is the other co-owner of DeQueen, Inc. and is also a Louisiana resident.

2- DeQueen, Inc., the plaintiff in the case in Civil District Court which the insurers are attempting to remove to federal court, is also a Louisiana corporation domiciled in Orleans Parish.

3 - I did engage in communications with G & M Marine, Inc. and our agent when we owned F/V St. Jude, which sank and was lost in 2005. Then policies according to my recollection, were

DEQUEEN (TRAN)EXH.3

placed by G & M Marine, Inc. as underwriters with St. Paul Fire
& Marine Company. However, after that date, with regard to
DeQueen, Inc.'s dealing with insurance agents, underwriters and
insurers, my wife was the person solely handling all insurance
matters and communications, particularly with regard to
insurance on the F/V DeQueen. I did not execute any insurance
document after 2005-2006, this being solely my wife's role after
that.

4 - I have never knowingly changed the captains or pilots
in the "on board warranty" in insurance policies covering F/V
DeQueen. Although I have a limited ability in English and
actually cannot translate all of the provisions in the "on board
warranty", my wife and I have had our principal obligations
under the various policies fully explained to us and we
understand what an "on board warranty" is and what it is
intended to mean. I would never knowingly authorize or instruct
anyone to change the "on board warranty" from Captain Hung Tran
and relief captain Phuong Tran, who are competent captains and
pilots, to my wife, who cannot pilot a vessel and Lanh Nguyen,
whom I would never allow to pilot the F/V DeQueen. He is a
deckhand-fisherman only. I also understand the intent of the
warranty and so I would never name anyone but the competent
captains because I understand that at that point any claim under
the policy thereafter would be immediately denied due to the

absence of Dao Tran or Lanh Nguyen on the vessel at sea or in navigation.

    5 - The insurers insist that three documents "prove" my wife changed the captains in the on board warranty, which they say took place  in connection with a policy renewal on October 26, 2011, two of which forms they attribute to me. As stated in our state court petition, two documents are allegedly signed by Hung Tran, but I quit signing anything by 2005-6 and the third is attributed to my wife and bears the printed words under the signature: "Dao Tran". She states she does not print in that fashion and did not print on this form, but in fact the signature is that of Hung Tran, not Dao Tran, but it seems to have a slight variation from how I sign my name, the latter part of the signature. I deny executing these forms and they clearly were not executed together by anyone on October 26, 2011. I am now extremely suspicious of G & M Marine's records and want to see the originals of these documents, because we are not certain they can be produced.

    6 - Specifically, I deny ever changing or attempting to change the on board warranty. I would not have read the warranty in the 2011 policy, partly due to my deficiency in English, but mainly due to the fact that we, the Trans, had not asked for any change in our policy nor had we been advised by G & M or our

agent of any change in the policy, so I trusted I had the same policy as in earlier years.

_____
HUNG TRAN

SWORN TO AND SUBSCRIBED BEFORE ME, OCTOBER ___, 2013.

_____
J. HUNTER BIENVENU - NOTARY PUBLIC

PRHF01

# PREIS & ROY

A PROFESSIONAL LAW CORPORATION

WESLAYAN TOWER
SUITE 3050
24 GREENWAY PLAZA

## HOUSTON, TEXAS 77046

TELEPHONE 713.355.6062
TELEFAX 713.572.9129

E-mail: pr@preisroy.com
www.preisroy.com

EDWIN G. PREIS, JR.¹
L. LANE ROY¹
ROBERT M. KALLAM¹
FRANK A. PICCOLO³
JOHN M. RIBARITS³
CATHERINE M. LANDRY⁴
JAMES A. LOCHRIDGE, JR.⁴
CHARLES J. BOUDREAUX, JR.¹
DAVID L. PYBUS³
DAVID M. FLOTTE¹
LEAH NUNN ENGELHARDT⁴
EDWARD F. KOHNKE IV¹
JOSEPH E. LEE III¹
JENNIFER A. WELLS¹
JONATHAN L. WOODS¹
M. BENJAMIN ALEXANDER³
KEVIN T. DOSSETT⁴
KENNETH H. TRIBUCH⁵
CARL J. HEBERT⁷
MICHAEL B. NORTH¹
MARJORIE C. NICOL⁸
MATTHEW S. GREEN⁷
EZRA L. FINKLE⁸
JEAN ANN BILLEAUD⁹
JOHN F. COLOWICH⁹
KRISTOPHER STUCKBERGER⁷
JOHN L. ROBERT, III¹
WILLIAM W. FITZGERALD⁴
CAROLINE T. WEBB³
MANDY A. SIMON¹
NATHANIEL C. PITONIAK⁴
NICOLE M. BOWEN¹
ANDREW B. BROWN⁴
THOMAS H. PRINCE⁴
RACHAL D. CHANCE³
CRAIG R. BORDELON, III¹
JARED O. BRINLEE³
CHRISTOPHER M. LUDEAU¹
KELLYE E. ROSENZWEIG¹

LAFAYETTE
POST OFFICE DRAWER 94-C
VERSAILLES CENTRE¹
SUITE 400
102 VERSAILLES BLVD
LAFAYETTE, LOUISIANA 70509
TELEPHONE 337.237.6062
TELEFAX 337.237.9129

NEW ORLEANS
PAN AMERICAN LIFE CENTER
SUITE 1700
601 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130
TELEPHONE 504.581.6062
TELEFAX 504.522.9129

1   ADMITTED TO PRACTICE IN LOUISIANA ONLY
2   ADMITTED TO PRACTICE IN TEXAS ONLY
3   ADMITTED TO PRACTICE IN LOUISIANA AND TEXAS
4   ADMITTED TO PRACTICE IN LOUISIANA AND GEORGIA
5   ADMITTED TO PRACTICE IN TEXAS AND FLORIDA
6   ADMITTED TO PRACTICE IN LOUISIANA AND CALIFORNIA
7   ADMITTED TO PRACTICE IN LOUISIANA, MASSACHUSETTS, AND RHODE ISLAND
8   ADMITTED TO PRACTICE IN LOUISIANA, TEXAS AND MISSOURI
9   ADMITTED TO PRACTICE IN LOUISIANA AND FLORIDA
10  ADMITTED TO PRACTICE IN LOUISIANA, MISSISSIPPI, COLORADO AND WYOMING

21 August 2013

_Via Facsimile (504) 366-2105_
Mr. Overton T. Harrington, Jr.
Attorney and Counselor at Law
718 Third Street
Gretna, Louisiana 70053

Re:   Assured:            DeQueen, Inc.
      Vessel:             F/V DEQUEEN
      D/A:                8 September 2012
      Policy No.          SGM004243
      Claim No.           GMC 004217 01 02
      Preis & Roy File No.:   2510-18204

Dear Tom,

We are in receipt of your correspondence to Ms. Megan Boudreaux dated 5 August 2013, 7 August 2013, and 12 August 2013.

As we understand your argument, you maintain the Assured is entitled to insurance proceeds under the Policy because the On Board Warranty in former St. Paul policies prepared by G&M Marine consistently named "Hung Tran or relief captain" as the persons required to be onboard the vessel at all times. Your August 12th correspondence states that Phuong Tran has always been the relief captain of

DEQUEEN (TRAN) EXH. 4a
(see especially underlined
statement page 2)

PREIS & ROY

Mr. Overton T. Harrington, Jr.
Attorney and Counselor at Law
21 August 2013
Page 2

the F/V DEQUEEN, and that no other individual, other than the two listed above, has ever been allowed to pilot the vessel. You blame an "unidentified person in [Underwriters'] office" for bungling the clause by replacing the two usual captains of the vessel with Dao Tran and Lanh Nguyen, unbeknownst to the Assured.

We have looked into the validity of you theory, and found the policy to be in strict accord with the Assured's submission. The executed insurance application, Terrorism Risk Insurance Act form (TRIA), and Captains Form were submitted to Underwriters on 26 October 2011. All three of these documents contain the identical signatures, one with the printed name of "Dao Tran" below it. Significantly the Captains Form included the hand written names of Dao Tran and Lanh Nguyen as the captains of the F/V DEQUEEN. In addition, directly above the executed signature line is the following language:

> I understand and agree that I must advise my agent/insurance company of the name and social security number of any captain before he operates my boat so that he may be approved by the insurance company and that failure to do so may result in the denial of any claim while the unnamed captain is on my boat.

At no time before the incident did the Assured request modification of the captains of the vessel. None of these documents were completed by Underwriters.

Underwriters issued the Policy in accordance with the submission received from your clients through their agent. Furthermore, the latest of the prior policies you rely upon was issued for the period of 11 October 2007-2008, three years before the current Policy. It would be wholly inappropriate for Underwriters to ignore the Assured's express request to name Dao Tran and Lanh Nguyen in the Captains Form, and use language contained in a policy negotiated over three years prior to the Policy at issue.

Finally, when the provisions of an insurance policy are "clear, explicit, and lead to no absurd consequences, the contract must be interpreted within its four corners," and cannot be explained or contradicted by extrinsic evidence. *Gabarick v. Laurin Maritime (Am.), Inc.*, 650 F.3d 545, 553 (5th Cir. 2011) (citations omitted); *Bordelon Marine, Inc., v. F/V KENNY BOY*, 780 F.Supp.2d 497, 502 (E.D. La.

*DeQueen (Tran) Exh. 4a, p. 2*

PREIS & ROY
>   Mr. Overton T. Harrington, Jr.
>   Attorney and Counselor at Law
>   21 August 2013
>   Page 3

2011). Names listed in a warranty in a prior policy are extrinsic evidence and will not exonerate the Assured from its clear breach of the express terms of the applicable Policy. The Policy language clearly dictates that the Assured forfeited its coverage when it breached the On Board Warranty.

In light of the above, we have been instructed to advise you that Underwriters continue stand on the denial of the Assured's claim. The Assured forfeited its coverage by violating the On Board Warranty, based on their own representations to Underwriters regarding who should be named as captain of the vessel. Also, because extrinsic evidence may not be presented in instances where the language in the Policy is unambiguous, the language contained in the Assured's prior policies is unpersuasive and inadmissible.

We note that the Assured's former counsel in this matter negotiated a settlement of $25,000. Though no coverage may be afforded under the Policy, in order to avoid the time and expense of litigation, Underwriters have agreed to again offer this amount to settle this matter. The offered amount of $25,000 is non-negotiable. Furthermore, the Assured's prior counsel, Waltzer Wiygul & Garside Law Firm, recorded its contract with the Assured in Orleans Parish, Louisiana. As such, any settlement funds will be required to include them as a loss payee.

Please let us know if you accept Underwriters' offer to settle this case. Otherwise, we will proceed to litigation to protect our client's interests.

Sincerely,

PREIS & ROY, P.L.C.

Frank A. Piccolo

cc:    Ms. Megan Boudreaux – G&M Marine, Inc.

FAP/ABB/151883

*De Queen, Inc. (Trau), Exb. 4a, p.3*

I.   LIST ALL (NONE) of the owners or stockholders.

    1.   **DAO TRAN**           **100** % of ownership

    2.                             % of ownership

    3.                             % of ownership

    4.                             % of ownership

    5.                             % of ownership

*FILED*

2013 AUG 29  P 3: 56

CIVIL
DISTRICT COURT

II.   List all vessel(s) in which the above owners or stockholders have had any ownership, management, or operating interest during the past FIVE years for each.
(If none, so state for each)

| STOCKHOLDER | VESSEL | DIMENSIONS | | H.P. | FROM | TO |
|---|---|---|---|---|---|---|
| #1. | "ST. JUDE I" | 100' | — | 720 | 1999 | 2006 |
| #2. | "ST. JUDE" | | | | | |
| #3. | | | | | | |
| #4. | | | | | | |
| #5. | | | | | | |

III.   Have any of the owners or stockholders listed above had any losses 2x any of the vessels listed above? If so, describe. If none, so state.

VESSEL NAME          DATE OF LOSS          TYPE OF LOSS          AMOUNT OF LOSS

OWNER'S SIGNATURE      TITLE      TELEPHONE      DATE

**G&M MARINE, INC.**
INSURANCE

318 Howard Avenue, Suite 201, New Orleans, LA 70113
Phone: (504) 588-9044
Fax:   (504) 588-9387

e-mail: billbutler@gmmarine.com
or louiebutler@gmmarine.com

www.gmmarine.com

DeQueen (Tran)   Exh. 4b

Assured's Name: DEQUEEN, INC.
Vessel Name: "DEQUEEN"

FILED

*YOUR INSURANCE CANNOT BE RENEWED UNLESS THIS FORM IS
COMPLETED AND RETURNED TO US WITH YOUR DOWN PAYMENT.*

2013 AUG 29  P 3: 56

CAPTAINS:

CIVIL
DISTRICT COURT

Name: _____Dao Tran_____

Social Security Number: _____

Name: _____Lanh   Nguyen_____

Social Security Number: _____

Name: _____

Social Security Number: _____

Name: _____

Social Security Number: _____

I understand and agree that I must advise my agent/insurance company of the name
and social security number of any captain before he operates my boat so that he
may be approved by the insurance company and that failure to do so may result in
the denial of any claim while the unnamed captain is on my boat.

Date: _____
                                    Owner

TELEPHONE NUMBERS & EMAIL OF BOAT OWNER:

Home: _____

Cell (hand) phone: _____

Cell (hand) phone: _____

Email: _____

▶ PLEASE LET US KNOW IF YOU CHANGE YOUR ADDRESS ◀

DeQueen (Tran) Exh. 4C

Named Insured: DEQUEEN, INC.

Policy No. or Type of Policy: DEQUEEN

Effective Date: 10/28/11

Insurance Company: (X) American Alternative Insurance Corporation
(X) National Casualty Company

FILED

2013 AUG 29 P 3:56

CIVIL
DISTRICT COURT

## POLICYHOLDER DISCLOSURE NOTICE OF
## TERRORISM INSURANCE COVERAGE

You are hereby notified that under the Terrorism Risk Insurance Act, as amended, you now have a right to purchase insurance coverage for losses resulting from acts of terrorism, as defined in Section 102(1) of the Act. The term "act of terrorism" means any act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State, and the Attorney General of the United States, to be an act of terrorism; to be a violent act or an act that is dangerous to human life, property, or infrastructure; to have resulted in damage within the United States, or outside the United States in the case of certain air carriers or vessels or the premises of a United States mission; and to have been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

YOU SHOULD KNOW THAT WHERE COVERAGE IS PROVIDED BY THIS POLICY FOR LOSSES RESULTING FROM CERTIFIED ACTS OF TERRORISM, SUCH LOSSES MAY BE PARTIALLY REIMBURSED BY THE UNITED STATES GOVERNMENT UNDER A FORMULA ESTABLISHED BY FEDERAL LAW. HOWEVER, YOUR POLICY MAY CONTAIN OTHER EXCLUSIONS WHICH MIGHT AFFECT YOUR COVERAGE, SUCH AS AN EXCLUSION FOR NUCLEAR EVENTS. UNDER THE FORMULA, THE UNITED STATES GOVERNMENT GENERALLY REIMBURSES 85% OF COVERED TERRORISM LOSSES EXCEEDING THE STATUTORILY ESTABLISHED DEDUCTIBLE PAID BY THE INSURANCE COMPANY PROVIDING THE COVERAGE. THE PREMIUM CHARGED FOR THIS COVERAGE IS PROVIDED BELOW AND DOES NOT INCLUDE ANY CHARGES FOR THE PORTION OF LOSS THAT MAY BE COVERED BY THE FEDERAL GOVERNMENT UNDER THE ACT.

YOU SHOULD ALSO KNOW THAT THE TERRORISM RISK INSURANCE ACT, AS AMENDED, CONTAINS A $100 BILLION CAP THAT LIMITS U.S. GOVERNMENT REIMBURSEMENT AS WELL AS INSURERS' LIABILITY FOR LOSSES RESULTING FROM CERTIFIED ACTS OF TERRORISM WHEN THE AMOUNT OF SUCH LOSSES IN ANY ONE CALENDAR YEAR EXCEEDS $100 BILLION. IF THE AGGREGATE INSURED LOSSES FOR ALL INSURERS EXCEED $100 BILLION, YOUR COVERAGE MAY BE REDUCED.

SELECTION OR REJECTION OF TERRORISM INSURANCE COVERAGE

_____ I hereby elect to purchase Terrorism coverage as defined in the Terrorism Risk Insurance Act, as amended, for a prospective premium of $ _____.

___✓___ I hereby elect to have the exclusion for terrorism coverage attached to my policy. I understand that an exclusion will be attached to my policy and I will have no coverage for losses resulting from certified acts of terrorism.

Policyholder/Applicant's Signature _____

Print Name  Duc Tran

Date  10/26/11

TerrNotice05 (01/08)

Exh#3

De Queen (Tran)  Exh. 4d

C E R T I F I C A T E

Undersigned counsel certifies that copies of the foregoing Notice of Submission, Order, Motion, and Memorandum in Support of Motion and Exhibits have been served on National Casualty Insurance Company and American Alternative Insurance Corporation by this Court's electronic filing system but also by a copy thereof served on their counsel of record, Joseph E. Lee, Esq., Messrs. Preis & Roy, 601 Poydras Street, Suite 1700, New Orleans, Louisiana 70130, by U.S. Mail, postage prepaid and properly addressed, this 3rd day of October, 2013.

_____
OVERTON T. HARRINGTON, JR.