UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NATIONAL CASUALTY CO. ET AL                    CIVIL ACTION

VERSUS                                         NO: 13-5611 c/w
                                               13-5851

                                               **Applies to 13-5611**

DEQUEEN, INC.                                  SECTION: **"J"** (4)

## ORDER AND REASONS

Before the Court is Defendant DeQueen, Inc. ("DeQueen")'s **Motion to Dismiss (Rec. Doc. 9)**, Plaintiffs National Casualty Company ("National") and American Alternative Insurance Corporation ("American," and collectively, "Insurers")'s opposition (Rec. Doc. 16), DeQueen's reply (Rec. Doc. 21), and Insurers' sur-reply (Rec. Doc. 23). DeQueen's motion was set for hearing on November 6, 2013, on the briefs. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that DeQueen's motion should be **GRANTED** for reasons set forth more fully below.

## FACTS AND PROCEDURAL HISTORY

This matter arises out of a dispute over the Insurers'

denial of coverage. Insurers issued DeQueen a policy of insurance ("the Policy") for DeQueen's vessel, the F/V DEQUEEN, that contained an "on-board warranty" requiring one of the two identified captains to be on board the vessel at all times. At some point, the F/V DEQUEEN sank, DeQueen filed a claim with Insurers, and Insurers denied coverage because neither of the captains listed in the Policy were aboard the vessel at the time it sank. Just under a year later, Insurers filed an action in this Court seeking a declaratory judgment that their denial of coverage was proper. DeQueen seeks to dismiss Insurer's action in the instant motion.

## LEGAL STANDARD & DISCUSSION

In its motion to dismiss, DeQueen asks the Court to abstain from exercising jurisdiction over the Insurer's action for declaratory judgment. Plaintiff argues that abstention is not warranted because the abstention analysis set out in Orix v. Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 895 (5th Cir. 2000) weighs in favor of this Court exercising its jurisdiction to decide this controversy. Upon consideration of the three-step analysis described in Orix, discussed in detail below, the Court finds that abstention is warranted, thus DeQueen's motion to dismiss must be granted.

The Declaratory Judgment Act provides, in relevant part: "In

a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In Wilton v. Seven Falls, the Supreme Court made it clear that, because the Declaratory Judgment Act is " 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant'," the district court has "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 287-88 (1995). Even when a declaratory action is justiciable and within the Court's authority to decide, the Court must still determine whether to exercise its discretion to decide or dismiss the action. Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 387 (5th Cir.2003)(citing Orix, 212 F.3d at 895.).

The Fifth Circuit has identified a three-step inquiry for determining whether to decide or dismiss a complaint for declaratory relief. Orix, 212 F.3d at 895; See also Sherwin-Williams Co., 343 F.3d at 387. The first step requires a determination of whether the declaratory action is justiciable. Id. (citing Rowan Cos. v. Griffin, 876 F.2d 26, 27-28 (5th Cir.1989)). "Second, if it has jurisdiction, then the district

court must resolve whether it has the 'authority' to grant declaratory relief in the case presented. Orix, 212 F.3d at 895 (citing Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc., 996 F.2d 774, 776 (5th Cir.1993). "Third, the court has to determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action." Orix, 212 F.3d at 895 (citing Travelers, 996 F.2d at 778).

**A. Justiciability**

A federal court will not have subject matter jurisdiction and "may not issue a declaratory judgment unless there exists an 'actual controversy.'" Am. States Ins. Co. v. Bailey, 133 F.3d 363, 368 (5th Cir.1998). In this case, it is clear that there is an actual controversy. DeQueen has made an actual demand for payment under the terms of the Policy and has been denied coverage. Thus, the Insurers need not sit idly by and wait to be sued regarding this denial because the purpose of the Declaratory Judgment Act is "to afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued." Rowan Companies, Inc., 876 F.2d at 28. "The declaratory judgment vehicle also is intended to provide a means of settling an actual controversy before it ripens into a violation of the civil or criminal law, or a breach of a contractual duty." Id. Therefore,

this is a justiciable claim.

**B. Authority to Grant Declaratory Judgment**

A district court lacks authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant *previously filed* a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under [the Anti-Injunction Act, 28 U.S.C. § 2283]." Nat'l Cas. Co. v. Tom's Welding, Inc., No. 11-3101, 2012 WL 2064451 (E.D. La. June 7, 2012) (Africk, J.) (emphasis added). "This [analysis] is essentially a determination of whether there are competing state and federal proceedings, and whether the district court is prohibited from intruding in the state action under the Anti-Injunction Act." Allstate Texas Lloyds v. Sawyer, No. 07-0360, 2007 WL 2471057 (N.D. Tex. Aug. 31, 2007); Royal Ins. Co. of Am. v. Quinn-L Capital Corp., 3 F.3d 877, 883 (5th Cir. 1993) ("[i]f an injunction would be barred by § 2283, this should also bar the issuance of a declaratory judgment that would have the same effect as enjoining a state court action.")

Treating the third prong of this analysis first, the Court finds that the Anti-Injunction Act would bar this Court from hearing this action. In Royal, the Fifth Circuit discussed the application of the Anti-Injunction Act where the action for

declaratory judgment is filed in federal court *before* the state court action is filed. Royal, 3 F.3d at 885 (emphasis added). It was first noted that:

> A circuit split exists on the question of whether the Act has any application where the injunction is sought before a state suit has been filed but is not issued until after a state suit was filed. Three circuits have adopted the rule that the Act does not apply where the federal suit is filed first. Two circuits, on the other hand, have held that the Act should be applied to the case as it stands, regardless of the order in which the actions were filed.

Id. at 884. Following an analysis of these two rules, the Fifth Circuit held that "that the Act applies regardless of when the federal and state suits were filed." Id. Therefore, even though DeQueen filed in state court after the Insurers filed in federal court, the Court must conduct its analysis according to the current posture of the proceedings. Because there is a pending state court action in this matter, the Anti-Injunction Act applies to this suit.

The second element asks whether the state court and federal court proceedings involve the same issues. Both proceedings in this matter arise from the same incident – the sinking of the F/V DEQUEEN and subsequent denial of coverage. The Insurers' federal court proceeding narrows the issue to whether their denial of coverage was proper. DeQueen's state court suit, though it is styled as a breach of contract action, also includes tort claims

for alleged misrepresentations on the Policy documents. Even if the state court suit involves broader issues, it is likely that these same issues would arise in the federal court action for declaratory judgment as defenses to the action, making our hearing of the issues duplicative. Thus, despite Insurers narrowing of the issue, the Court finds that the state and federal court proceedings arise from the same incident and involve essentially the same claims.

Finally, the remaining prong asks whether there was a state court proceeding filed prior to the federal action. Facially, this prong is not met because at the time that Insurers filed suit in federal court, there was no state court action pending. Thus, the Court would have authority to hear the suit. But, considering that the overall purpose of this step of the analysis is to determine "whether there are competing state and federal proceedings, and whether the district court is prohibited from intruding in the state action under the Anti-Injunction Act," the instant conclusion that the Court has authority to exercise jurisdiction is difficult to reconcile with our prior conclusion that the Anti-Injunction Act *would bar* this suit. Allstate Texas Lloyds, 2007 WL 2471057. However, because the application of the Trejo factors in the third step of the analysis will nonetheless favor abstention, the Court need not definitively conclude

whether it has authority to hear this case. See American Sec. Ins. Co. v. Penwright, 456 F.Supp.2d 753, 757 (E.D. La. Oct. 10, 2006) (Barbier, J.) (declining to extend jurisdiction even where the state court action was filed second because the Trejo factor weighed in favor of abstaining.)

**C. Trejo Factors**

The Court must now consider the seven factors identified in St. Paul Insurance Company v. Trejo, 39 F.3d 585 (5th Cir. 1994).

**1. Factors One and Seven**

These factors ask the Court to determine whether there is a pending state action in which all of the matters in controversy may be fully litigated and whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. Sherwin-Williams Co., 343 F.3d at 388. The Court is not asked to construe a state judicial decree; and, it has been held that factors one and seven apply in a similar manner when the Court is "not being called on to construe a state judicial decree involving the same parties," thus the Court will consolidate these two factors. Tom's Welding, Inc., 2012 WL 2064451.

These factors weigh in favor of abstention. Insurers make repeated reference to the fact that there is no state court

action pending, thus abstention is not merited. But, in light of the Court's recent remand of DeQueen's action to state court, the Insurers argument is no longer viable. (Rec. Doc. 30) Now, there is a pending state court action arising from the same state law issues in which this controversy can be fully litigated. Therefore, under this factor, abstention would be proper. Employers' Liab. Assur. Corp. v. Mitchell, 211 F.2d 441, 443 (5th Cir. 1954) ("The respective dates of filing do not always furnish the criteria, but the important question is whether the circumstances at the time of the determination are such as to make useless the further prosecution of the suit for declaratory judgment."); Sherwin-Williams Co., 343 F.3d at 394 ("the presence or absence of a pending parallel state proceeding is an important factor"); Tom's Welding, Inc., 2012 WL 2064451 at *6 ("if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit.").

### 2. Factors Two, Three, and Four

Trejo factors two, three, and four ask whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, whether the plaintiff engaged in forum shopping in bringing the

suit, and whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist. Sherwin-Williams Co., 343 F.3d at 388.

These factors weight slightly against abstention as there is no evidence that Insurers filed suit to gain any kind of advantage or to make it to the courthouse steps before DeQueen could. In fact, as Insurers point out in their brief, they waited until almost one year after the denial of coverage to file suit. This fact distinguishes the instant matter from Tom's Welding wherein the Court found it proper to abstain when the defendants rushed to file a declaratory judgment action just days after the denial of coverage. Tom's Welding, Inc., 2012 WL 2064451 at *6.

### 3. Factor Five

Factor five asks whether federal court is a convenient forum for the parties and witnesses, and the Court finds that this factor is neutral. Sherwin-Williams Co., 343 F.3d at 388. DeQueen repeatedly states that it is willing and able to litigate this suit in federal court, and the two courts at issue are within one mile of each other. Therefore, this factor does not add any weight to either side of the analysis.

### 4. Factor Six

Factor six considers whether retaining the lawsuit would serve the purposes of judicial economy. Sherwin-Williams Co., 343

F.3d at 388.    In this matter, retaining jurisdiction over the declaratory judgment action would go against principles of judicial economy because the state court and this Court would have to engage in simultaneous litigation on substantially the same issues. And, because the state court action involves a non-diverse defendant,[1] this Court cannot hear claims regarding that party, thus we must defer to the state court. Therefore, because "[a] federal district court must consider efficiency and 'avoid duplicative or piecemeal litigation where possible,' this factor weighs in favor of abstention. Tom's Welding, Inc., 2012 WL 2064451 at *6.

Reviewing the above-analyzed factors, factors one, six, and seven weigh in favor of abstention, whereas factors two, three, and four weigh against abstention. Factor five does not favor one side over the other. Finding that the factors relating to judicial economy and the existence of a pending state court action outweigh the slight weight of the finding that Insurers are not seeking a procedural advantage, this Court will exercise its discretion to abstain. See Penwright, 456 F.Supp.2d at 757.

Accordingly,

DeQueen's **Motion to Dismiss (Rec. Doc. 9)** is **GRANTED**.

---

[1] For a more in-depth discussion of the non-diverse defendant's role in this litigation, see this Court's Order and Reasons dated, November 12, 2013 (Rec. Doc. 30).

**IT IS ORDERED** that the instant matter is **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this 12th day of November, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE